IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CT-3042-FL

| | |
|---|---|
| CHUVALO BARRINGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     ORDER |
| | ) |
| VIRGINIA BROWN, RONDA BYRD, | ) |
| ALAN GREENE, JEREMY LANE, and | ) |
| DURWIN LAMB, | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court on defendants' motion for reconsideration (DE 36). Plaintiff did not respond to defendants' motion. In this posture, the issues raised are ripe for adjudication.

**STATEMENT OF THE CASE**

For ease of reference, the statement of the case as set forth in the court's May 20, 2016, order is as follows:

> On February 18, 2015, plaintiff, a state inmate, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 naming Sergeant Virginia Brown ("Brown"), Officer Ronda Byrd ("Byrd"), Officer Alan Green ("Green"), Jeremy Lane ("Lane"), and Durwin Lamb ("Lamb") as defendants. Plaintiff alleged the defendants violated his rights pursuant to the Eighth Amendment to the United States Constitution because they failed to protect him from sexual assaults from other inmates while plaintiff was incarcerated at Maury Correctional Institution ("Maury").
>
> On August 11, 2015, the court entered an order directing plaintiff to state whether he complied with 42 U.S.C. § 1997e(a)'s requirement that he exhaust his administrative remedies prior to filing this action. On August 19, 2015, plaintiff provided the following response to the

court's August 11, 2015, order: "They want give back the copy of my grievance I fill out and they still haven't gave it back to me. They must have threw it away like they always do. I gave you a copy of my P[REA] form that was one administrative remedy." ((DE 10), p. 1) (no alteration to the original.) Plaintiff, in his August 19, 2015, response, also requested a temporary restraining order. Defendants subsequently responded to plaintiff's motion for a temporary restraining order, and requested that their response be filed under seal.

On October 16, 2015, the court denied as moot plaintiff's motion for a temporary restraining order, but granted defendants' motion to seal. The court, additionally, declined to *sua sponte* address the issue of exhaustion of administrative remedies, and allowed plaintiff to proceed with his action.

On February 5, 2016, defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that plaintiff failed to exhaust his administrative remedies prior to filing this action. Plaintiff did not respond to defendants' motion. On April 27, 2016, the court entered an order construing defendants' motion for judgment on the pleadings as a motion for summary judgment pursuant to Rule 56, and permitted the parties an opportunity to respond. Both parties responded to the court's April 27, 2016, order. Defendants, in their response, requested the opportunity to reserve the right to file a dispositive motion on the liability issues in the event the pending motion for summary judgment is denied. Plaintiff, in his response, stated:

> I have no affidavit[.] [O]ne document I had sent was the PREA copy I sent to the Clerk of Courts. The administrative remedies they didn't give a copy, at Maury Correction. I file a administrative remedy I was waiting on the copy and still didn't get it. They're covering there tracks. Something they're good at. An I[']m

2

>                           doing what I think is the right thing to
>                           do. . . .
>
> (DE 34) (no alteration to the original).

(DE 35).

On May 20, 2016, the court denied defendants' motion for summary judgment finding that there was a genuine issue of material fact with regard to whether plaintiff satisfied § 1997e(a)'s exhaustion requirement before filing this action based upon plaintiff's statement that he "file[d] a[n] administrative remedy [] was waiting on the copy and still didn't get it." (DE 34). Defendants subsequently filed a motion for reconsideration of the court's May 20, 2016, order. In support of their motion for reconsideration, defendants submitted additional evidence in the form of an affidavit from William Goldman–the Assistant Superintendent of Programs at Maury. Although plaintiff was notified of defendants' motion, plaintiff did not respond.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-515 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. Rather, the resolution of such motion is "committed to the discretion of the district court." Id. at 515. As a means of guiding that discretion, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

The court now re-examines, in light of the new evidence presented by defendants, the issue of whether defendants have established their affirmative defense that plaintiff failed to exhaust his administrative remedies before filing this action. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to properly exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1856 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."); Woodford v. Ngo, 548 U.S. 81, 83–85 (2006) (requiring "proper" exhaustion of administrative remedies); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). However, "an administrative remedy is not considered to have been available if a prisoner, through

4

no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

Defendants presented evidence establishing that there is no record, in Maury's grievance logs or the North Carolina DPS's database, that plaintiff filed any grievance related to the instant action.[1] (Couch Aff. ¶ 7; Rhodes Aff. ¶ 14; Goodman Aff. ¶ 13). Defendants also presented evidence that plaintiff never filed a complaint or grievance alleging that any of his grievances were destroyed or that he was prevented from completing the grievance process. (Goodman Aff. ¶ 16). The only response plaintiff provides is his conclusory allegation that he filed a grievance and did not receive a response. Plaintiff's fragmented and conclusory allegations that unknown officers interfered with his ability to file unspecified grievances on unspecified dates are insufficient to refute defendants' arguments in support of their exhaustion defense. Cf. Hill v. Haynes, 380 F. App'x 268, 273-274 (4th Cir. 2010) (finding genuine issues of material fact where plaintiff provided specific and detailed allegations regarding defendants' hindering of his ability to exhaust); see Tate v. Cartledge, No. 9:13-cv-00810-TLW, 2014 WL 5592118, at *6 (D.S.C. Nov. 3, 2014) ("Plaintiff cannot simply, in response to probative evidence that no record exists of him ever having submitted a grievance concerning the issue raised in this lawsuit, submit an affidavit saying 'yes I did', and expect to survive summary judgment, because if that is all it took to defeat evidence of a failure to exhaust, then this defense could never be successfully asserted by a Defendant."); Banks v. Fowlkes, No. 1:13cv926, 2014 WL 6633551, at *5 (E.D. Va. Nov. 20, 2014) ("[P]laintiff's repeated, conclusory assertions that his efforts to exhaust his claim were 'thwarted' by RCJ officials are unpersuasive. Plaintiff provides no meaningful details to explain the manner in which this occurred, nor has he

---

[1] Rhodes attests that plaintiff failed a grievance in August 2014, which was unrelated to the instant action. (See Rhodes Aff. ¶ 14).

5

supplied a copy of any grievance he allegedly filed regarding the incident in question."); Bryan v. S.C. Dep't of Corr., No. 4:08–1590–TLW–TER, 2009 WL 702864, at *3 (D.S.C. Mar.16, 2009) ("The fact that a grievance was unprocessed, without more, is insufficient to show that [prison officials] prevented [a prisoner] from exhausting his administrative remedies."), appeal dismissed, 421 F. App'x 288 (4th Cir. 2011). Based upon the foregoing, plaintiff failed to establish that the administrative remedy process was not available to him to grieve the instant claims.

Plaintiff, additionally, relies upon his PREA complaint to satisfy § 1997e(a)'s exhaustion requirement. The United States Supreme Court has stated that the PLRA requires proper exhaustion. Woodford, 548 U.S. at 84. The Court in Woodford explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 90. The exhaustion requirements for a PREA investigation and DPS's administrative remedy process are different, and exhaustion for the purposes of PREA does not comport with § 1997e(a). (See Answ. Exs. A, B). Thus, plaintiff's PREA complaint does not satisfy § 1997e(a)'s exhaustion requirement.

Based upon the foregoing, defendants have met their burden of affirmatively demonstrating that plaintiff failed to exhaust his administrative remedies for his claims. Thus, defendants' motion for reconsideration is GRANTED, and defendants' motion for summary judgment is GRANTED.

## CONCLUSION

For the foregoing reasons, defendants' motion for reconsideration (DE 36) is GRANTED, and defendants' motion for summary judgment (DE 27) is GRANTED. Plaintiff's action is DISMISSED without prejudice to provide plaintiff the opportunity to re-file his action after he has properly exhausted his administrative remedies. The clerk of court is DIRECTED to close this case.

6

SO ORDERED, this the 18th day of October, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

7